**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-288-JMS-WGH |
| | ) | |
| DIRECT ACCESS MAGAZINE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

ΛSubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.@ *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). As explained in this Entry, jurisdiction over the claim brought by Michael Hammond is lacking. Accordingly, this action must be dismissed for lack of jurisdiction.

## Discussion

Hammond is an inmate in the custody of the Federal Bureau of Prisons. He has sued Direct Access Magazine Company, alleging that his payment for a magazine subscription has not been honored. He seeks $169.69 for the cost of the subscription, stamps used to contact the defendant, and for the issues he missed.

A district court possesses only the jurisdiction conferred to it by Congress. *See South Carolina v. Katzenbach,* 383 U.S. 301 (1966). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. ' ' 1331-32).

There is no federal question jurisdiction implicated by the alleged breach of contract. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff=s right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship, nor of the $75,000 minimum mount in controversy required for diversity jurisdiction. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). That is the situation here. The action is dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _11/15/2011_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana